IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 26-4143 |
| v. | ) | |
| MARK LUGENBEEL | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service ("Service"), a delegate of the Secretary of the Treasury, and at the direction of the Attorney General, brings this civil action to collect federal income taxes, penalties, and interest assessed against Defendant Mark Lugenbeel.

JURISDICTION AND VENUE

1. Jurisdiction for this action is conferred on the Court by 28 U.S.C. §§ 1340 and 1345 and by 26 U.S.C. § 7402.
2. Venue is proper in this district under 28 U.S.C. § 1396 as Defendant currently resides in Maryland.

PARTIES

3. Plaintiff is the United States of America.

4. Defendant is Mark Lugenbeel, a resident of Baltimore in Baltimore County, which is within this Court's jurisdiction.

REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT

5. Mark Lugenbeel did not timely file income tax returns for the 2012 or 2013 tax year, despite having a responsibility to do so.

6. A delegate of the Secretary of Treasury of the United States, pursuant to its powers to make assessments when a taxpayer has not filed a required income tax return, made assessments for unpaid federal income taxes against Mark Lugenbeel on the dates, in the amounts, and for the tax periods as set forth below:

| Type of Tax and Tax Period | Assessment Date | Amount of Assessment | Balance Due |
|---|---|---|---|
| 1040 – 2012 | 05/9/2016 | $30,344.00 | $65,950.35 |
| 1040 – 2013 | 05/9/2016 | $38,771.00 | $93,168.98 |
| | | **Total Balance:** | **$159,119.33** |

7. The amounts reflected in the "Balance Due" column of the table in paragraph 6 include assessed and accrued statutory interest and penalties as of October 26, 2026.

8. The Service gave proper and timely notice and demand for payment of the tax assessments described above to Mark Lugenbeel.

9. Statutory additions for interest and penalties will continue to accrue on the unpaid balance of the tax assessments described in paragraph 6 of this complaint.

10. Mark Lugenbeel has failed to pay the United States the full amount owed resulting from the tax assessments described in paragraph 6.

11. Generally, the United States must commence a suit to reduce unpaid tax liabilities to judgment within ten years of the date of assessment. 26 U.S.C. 6502(a). This is referred to as the collection statute expiration date ("CSED").

12. Although the assessments described in paragraph 6 were made more than 10 years ago, the CSED was tolled for the reasons detailed below.

13. On June 27, 2024, Mark Lugenbeel made an offer to resolve his unpaid tax liability for the 2012 and 2013 years by making payments through an installment agreement, which became pending on June 27, 2024 ("First Installment Agreement").

14. On July 16, 2024, the Service rejected the First Installment Agreement.

15. Mark Lugenbeel administratively appealed to the Service's Independent Office of Appeals the Service's rejection of the First Installment Agreement.

16. The Independent Office of Appeals sustained the Service's determination and closed the appeal on August 23, 2024. The appeal of the First Installment Agreement was pending until August 23, 2024.

17. Under 26 U.S.C. § 6331(k)(2)(A) & (B) and 26 U.S.C. § 6331(i)(5), the statute of limitations under 26 U.S.C. § 6502 for commencing a lawsuit to collect the liabilities described in paragraph 6 was suspended from the June 27, 2024—the date the First Installment Agreement was pending—until August 23, 2024, the final day the appeal of the rejection of the First Installment Agreement was pending, a period of 57 days.

18. On February 6, 2025, Mark Lugenbeel made a second offer to resolve his unpaid tax liability for the 2012 and 2013 years by making payments through an installment agreement, which became pending on February 6, 2025 ("Second Installment Agreement").

19. On April 7, 2025, the Service rejected the Second Installment Agreement.

20. Mark Lugenbeel did not appeal the Service's rejection of the Second Installment Agreement.

21. Under 26 U.S.C. § 6331(k)(2)(A) & (B) and 26 U.S.C. § 6331(i)(5), the statute of limitations under 26 U.S.C. § 6502 for initiating a lawsuit to collect the liabilities described in paragraph 6 was suspended from the February 6, 2025—the date the Second Installment Agreement was pending—until May 7, 2025, thirty days after the rejection of the Second Installment Agreement, a period of 90 days.

22. As a result of the First Installment Agreement and Second Installment Agreement, the statute of limitations for the commencement of an action under 26 U.S.C. § 6502 has been extended by an additional **147** days, making this action timely.

23. By reason of the foregoing, Mark Lugenbeel is indebted to the United States for federal income tax and statutory additions for interest and penalties in the amount of $159,119.33 as of October 26, 2026, plus interest, penalties, and costs that will continue to accrue thereafter according to law.

WHEREFORE, the United States of America respectfully prays for judgment as follows:

(a) That the Court grant judgment in favor of the United States and against Mark Lugenbeel in the amount of $159,119.33 as of October 26, 2026 together with all interest and penalties that will continue to accrue thereafter according to law;

(b) That the Court award the United States its attorneys' fees and costs incurred in this action; and

(c) That the Court grant the United States such other relief as it deems just and proper.

Dated: October 1, 2026

Respectfully submitted

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General, Tax Litigation Branch

*/s/ Carmen M. Banerjee*
CARMEN M. BANERJEE
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
Washington, DC 20044
Telephone: (202) 307-6423
Carmen.m.banerjee@usdoj.gov
Counsel for the United States of America